## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

SCOTT WILLIAMS,

      Plaintiff                 Case No: _____

vs                               Judge: _____

ADDISON COMMUNITY SCHOOLS,
and
JOSH PERRY, MICHAEL MURPHY, JENNIFER FROST,
ANDREA WOODRING, KIM FORD and STEVE GUERRA,
as to each, individually and in their respective official capacities,

jointly and severally,

      Defendants
_____/

## COMPLAINT AND JURY REQUEST

      Plaintiff, Scott Williams, by his attorney Jeffrey L. Herron, for his

Complaint against the above Defendants states as follows:

### PREAMBLE

      This is an action to enforce Plaintiff Scott Williams' civil rights

arising out of his improper removal as President of the Addison Community

Schools Board of Education in violation of his due process rights under the

United States Constitution. Plaintiff will seek preliminary and final

injunctive relief and all damages permitted by law.

1

## JURISDICTION AND PARTIES

1. This is an action is brought pursuant to 42 USC §1983 *et seq*.

2. This court has jurisdiction pursuant to 42 USC §2000e-5 and 28 USC §§1331, 1343(4).

3. Plaintiff Scott Williams ("Williams") is a resident of the State of Michigan and resides in the Eastern District of Michigan.

4. Addison Community Schools (the "District") is a school district organized under the laws of the State of Michigan and maintains its principal place of business in the Eastern District of Michigan.

5. The District is governed by an elected Board of Education (the "Board").

6. Plaintiff is a member of the Board.

7. Defendant Josh Perry ("Perry") is a member of the Board and a resident of the State of Michigan, residing in the Eastern District.

8. Defendant Michael Murphy ("Murphy") is a member of the Board and a resident of the State of Michigan, residing in the Eastern District.

9. Defendant Jennifer Frost ("Frost") is a member of the Board and a resident of the State of Michigan, residing in the Eastern District.

10. Defendant Andrea Woodring ("Woodring") is a member of the Board and a resident of the State of Michigan, residing in the Eastern District.

11. Defendant Kim Ford ("Ford") is a member of the Board and a resident of the State of Michigan, residing in the Eastern District.

12. Defendant Steve Guerra ("Guerra") was, at times relevant to this Complaint, the Superintendent of the District and is a resident of the State of Michigan, residing in the Eastern District..

13. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

## BACKGROUND FACTS

14. Williams was elected to the Board in November 2020. His term expires in January 2027.

15. The Board is self-organizing. At its organizational meeting in January 2021, members of the Board elected Defendant Murphy as Board President and Williams as Board Vice-President, each for one-year terms.

16. In January 2022, Williams was unanimously elected to serve as President of the Board for a one-year term and he accepted that position, succeeding Defendant Murphy.

17. The Board is governed, *inter alia*, by its By-Laws.

18. The By-Laws provide that an officer may be removed only for cause (By-law 00152).

19. On April 25, 2022, at a regularly scheduled meeting, the Board adopted a resolution to remove Williams as President and to censure him.

20. His removal as President was without cause.

21. Rather, the reasons publicly proffered for Williams' removal are pretextual, a guise to conceal Defendants' objections to Williams' honest and diligent efforts to assure that District affairs are conducted transparently, ethically, and with appropriate seriousness and diligence when considering complaints by faculty, students, and families of violations or potential violations of law and District policies and complaints of sexual harassment.

22. Because a Board officer can be removed only for cause, Williams has a property interest in his position as Board President.

23. The District is a public body and may not deprive Williams of this property interest without due process.

24. Prior to the April 25th Board meeting, Williams did not receive notice of the allegations against him.

25. Prior to the April 25th Board meeting, no Board member had suggested to Williams that he resign as Board President.

26. Prior to the April 25th Board meeting, no Board member had suggested to Williams that his conduct as President warranted censure.

27. Rather, during the April 25th meeting, the Board entered a closed session, during which a thick packet of written materials was presented to Williams and other Board members.

28. On information and belief, that package of material was compiled by or under the supervision of Defendants Guerra, Perry, and one or more of the other individual defendants.

29. In the closed session, Defendant Perry then proceeded to make a series of oral allegations against Williams. Many of Perry's allegations were false or concerned conduct which was not misconduct and not a basis to remove Williams for cause.

30. The allegations included conduct by Williams as a private citizen, before he was elected to the Board, in making inquiry of law enforcement officials regarding their prior investigation of Defendant Guerra for his inappropriate conduct with female students at the District's high school. The District had disciplined Guerra for that conduct, and Williams' actions as a citizen making inquiry into Guerra's inappropriate conduct and the law enforcement response were protected activity under the First Amendment and not a permissible basis for subsequent removal from his office after election to the Board.

31. Defendant Perry made or repeated other false allegations against Williams. His presentation was rambling. There was no cover sheet included in the packet of materials outlining its contents or the charges or how these voluminous written materials purportedly related to the oral charges being made by Defendant Perry.

32. By not providing advance notice of the charges against Williams, and by deliberately obfuscating the reasons for and the purported evidence supporting the charges, Defendants intended to and did confuse Williams and prevented him from having actual notice of the charges and from offering a meaningful rebuttal.

33. At the conclusion of the closed session, the packet of materials was confiscated by Defendant Guerra, preventing Williams from further reviewing the packet.

34. The Board then concluded its closed session and re-entered a public session.

35. Upon entering public session, a proposed resolution of censure and removal was read into the record by the Board Secretary, Defendant Ford.

36. The resolution was not presented to Williams nor discussed during the closed session.

37. The resolution contains allegations that were not discussed during the closed session.

38. Some of the allegations presented during the closed session are not set forth in the resolution read in the public session.

39. Williams was not presented with a copy of the resolution during the public session, prior to its reading and adoption.

40. The decision not to present Williams with a copy of the resolution, during the closed or public sessions, was premeditated and agreed to among the Defendants prior to the April 25th meeting.

41. Williams was not provided an opportunity to respond to the reading of the resolution.

42. Following the reading of the resolution the board adopted it by majority vote, removing Williams from the office of President.

43. All Defendant Board members voted in favor of the resolution. Williams voted in the negative.

44. The removal deprived Williams of his property interest in his office.

45. Neither the Board Bylaws nor its parliamentary rules provide for a post-deprivation hearing.

46. The Board has not conducted a post-deprivation hearing.

47. Only by submitting a Freedom Of Information Act ("FOIA") request was Williams able to obtain some of the documents related to his removal.

48. The initial production pursuant to Williams' FOIA request did not include the packet of materials presented during the closed session, which the District intentionally withheld without cause.

49. Only in response to a supplemental FOIA request did the District produce what purports to be that packet of materials.

50. The District still refuses to provide Williams with the audio recording of the presentation made by Defendant Perry during the closed session on April 25th.

51. On information and belief, Defendant Perry was referring to notes that were not contained in the packet of materials distributed during the closed session. Those notes have not been produced to Williams.

52. Defendants' actions in withholding and continuing to withhold information from Williams greatly prejudices his ability to rebut the allegations against him and pursue relief.

## COUNT I
## SECTION 1983 – DUE PROCESS/DEPRIVATION OF PROPERTY INTEREST

53. Plaintiff incorporates by reference paragraphs 1 through 52.

54. Defendants are each state actors.

55. The By-Laws provide that an officer may only be removed for cause.

56. Because removal can only be effected for cause, Plaintiff enjoys a constitutionally protected property interest in his continued occupancy of the office of President of the Board.

57. Defendants deprived Plaintiff of his property interest without due process.

58. The pre-deprivation closed session of the Board did not provide actual notice of the charges nor an opportunity for Williams to present his side of the story. It did not satisfy the minimums required under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985) and its progeny.

59. Defendants have provided no post-deprivation hearing, and the By-laws provide not mechanism to conduct such a hearing.

60. Defendants' actions were intentional and taken with reckless indifference to Plaintiff's rights and sensibilities.

61. Plaintiff's rights to due process were well established under the law and any reasonable official at a public school district would have been aware of those rights.

62. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained has suffered mental anguish, physical

and emotional distress, humiliation and embarrassment, and loss of reputation.

## COUNT II
## SECTION 1983 - LIBERTY INTEREST

63. Plaintiff incorporates by reference paragraphs 1 through 62.

64. Defendants are each state actors.

65. Plaintiff enjoys a constitutionally protected liberty interest in his reputation, good name, honor, and integrity. This interest is protected by the 14th Amendment to the U.S. Constitution.

66. By their actions, Defendants deprived Plaintiff of his liberty interest without due process.

67. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

68. Defendants published the pretextual reasons for, and fact of, Plaintiff's removal.

69. The pretextual reasons were false and/or did not constitute cause for removal.

70. Plaintiff's rights to due process were well established under the law and any reasonable official at a public school district would have been aware of those rights.

71.As a direct and proximate result of Defendants' wrongful acts and

omissions, Plaintiff has suffered mental anguish, physical and emotional

distress, humiliation and embarrassment, and loss of professional

reputation.

## RELIEF REQUESTED

PLAINTIFF REQUESTS that this court enter judgment against Defendants,

jointly and severally, to the extent permitted by law, and grant Plaintiff relief

as follows:

1. Legal relief

   a. compensatory damages in whatever amount he is found to be

   entitled

   b. punitive and exemplary damages against the individual Defendants

   commensurate with their individual wrong and respective ability to

   pay

   d. an award of interest, costs, and reasonable attorney fees

2. Equitable relief

   a. preliminary injunctive relief mandating Plaintiff receive his

   Constitutional due process,

   c. an injunction prohibiting any further acts depriving Plaintiff of his

   Constitutional rights or retaliating against Plaintiff.

c. whatever other equitable relief appears appropriate at the time of

trial or prior entry of summary judgment.

## JURY REQUEST

Plaintiff requests a trial by jury.


Dated: November 12, 2022          Respectfully submitted,

                                  /s/ Jeffrey L. Herron_____

                                  Jeffrey L. Herron (P38058)
                                  Attorney for Plaintiff
                                  440 Burroughs St., Suite 332
                                  Detroit, MI 48211
                                  (734) 277-0913
                                  Herronlawgroup@gmail.com